## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| HOLLY JOANN JOHNSON, | Civil No. 11-2580 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Michael A. Bryant, **BRADSHAW & BRYANT, PLLC**, 1505 Division Street, Waite Park, MN 56387, for plaintiff.

Matthew D. Sloneker and Brian A. Wood, **LIND JENSEN SULLIVAN & PETERSON, PA**, 150 South Fifth Street, Suite 1700, Minneapolis, MN 55402, for defendant.

Plaintiff Holly JoAnn Johnson was injured in a car crash on February 12, 2007. Johnson seeks benefits under either her adoptive father's or foster mother's insurance policies. Defendant Allstate Property and Casualty Insurance Company ("Allstate") issued both of these policies but claims that Johnson was not covered by either. Allstate now moves for summary judgment, seeking dismissal with prejudice of Johnson's claims. The Court will grant the motion for summary judgment because Johnson is not eligible for benefits as a "resident relative" under either policy.

## BACKGROUND

### I.   UNDERLYING EVENTS

On February 12, 2007, Johnson was injured[1] in an accident involving a school bus and the truck[2] in which she was a passenger.  (Compl. ¶ VI, Aug. 17, 2010, Docket No. 1.)  Johnson alleges that the accident was the result of negligence by the truck's driver, Danielle Lynn Gahlon.  (*Id.* ¶¶ VI-VII.)  Johnson settled with Gahlon and the truck's owner, Mark Urban Terres,[3] for the limit of Terres' policy ($50,000).  (*Id.* ¶¶ VI, VIII, IX; *see* Pl.'s Mem. in Opp. at 3, Docket No. 3.)  Because Johnson's damages exceed $50,000, she now seeks underinsured motorist benefits under the policy of either her adoptive father, Joseph Johnson, or her foster mother, Lynda Shepard.

Johnson was born on May 9, 1988, (Aff. of Matthew D. Sloneker, Ex. A, Dep. of Holly JoAnn Johnson 3:16, Docket No. 15), and was eighteen-years old at the time of the accident.  Joan and Joseph Johnson ("Joseph") adopted Johnson when she was two-years old.  (*Id.* 11:16-18.)  Johnson lived with Joseph – Joan died in 2003 – until October 20, 2006.  (*Id.* 12:20, 13:16-21, 14:10-18.)  Johnson then moved in with her biological brother and his foster mother, Lynda Shepard.  (*Id.* 14:23-15:14.)  Johnson lived with

---

[1] In her memorandum in opposition to the motion, Johnson states that she "sustained a fractured hip and pelvis bone, a concussion, broken arm, and injuries to the tendons in her hand." (Pl.'s Mem. in Opp. at 1, Docket No. 17.)

[2] Johnson was riding in a Chevy truck.  (Aff. of Matthew D. Sloneker, Ex. A, Dep. of Holly JoAnn Johnson 41:13-14, Docket No. 15.)

[3] Terres was Gahlon's stepfather.  (Dep. of Johnson 39:16-40:1.)

Shepard from October 2006 until August 2007, and Shepard received some "adult foster care benefits" for Johnson.  (*Id.* 16:1-17:1)

Johnson's mail and social security benefits continued to be sent to Joseph's home while she was living with Shepard (*id.* 31:15-32:15), but Johnson said that she did not intend to move back in with Joseph when she left in October of 2006 (*id.* 30:5-7).[4] Although Johnson had left most of her belongings at Joseph's house (*id.* 30:1-3, 31:4-8), at the time of the accident she planned to live with Shepard until she graduated from high school (*id.* 27:10-16; 31:9-11.)

## II.   THE INSURANCE POLICIES

### A.   Joseph Johnson

At the time of the accident, Joseph held an automobile insurance policy with Allstate.  (Aff. of Matthew D. Sloneker, Ex. B, Ins. Policy.)  Joseph is the named insured, and the policy lists other drivers, none of whom is Johnson.  (*Id.* at 7.)[5]

The policy states that Allstate "will pay damages for bodily injury, sickness, disease, or death which an insured person is legally entitled to recover from the owner or operator of an underinsured auto."  (*Id.* at 33.)[6]

---

[4]   Q:   When you moved in with Ms. Shepard did you ever intend on moving
           back in with Mr. Johnson?

      A:   No.

[5] Page numbers of the insurance policies refer to the page number of the PDF docketed on ECF.  All emphases are in the original policies.

[6] An underinsured auto is "A motor vehicle which has liability protection in effect and applicable at the time of the accident in an amount equal to or greater than the amounts specified

(Footnote continued on next page.)

The policy defines "Insured Persons" as:

1.    **You**[7] and any **resident** relative.

2.    Any person while in, on, getting into or out of an insured auto with **your** permission.

3.    Any other person who is legally entitled to recover because of bodily injury to **you**, a **resident** relative, or an occupant of **your** insured auto with **your** permission.

(*Id.*)  The policy defines "resident" as someone with

[a] physical presence in **your** household with the intention to continue living there.  Unmarried dependent children while temporarily away from home will be considered residents, if they intend to continue to live in **your** household.

(*Id.* at 34.)


**B.    Shepard Policy**

At the time of the accident, Shepard also held an automobile insurance policy with Allstate.  (Aff. of Matthew D. Sloneker, Ex. C, Ins. Policy.)  Lynda Shepard and Nelson Lauren Shepard are the named insureds, and the policy lists one other driver, not Johnson.  (*Id.* at 3.)[8]

_____

(Footnote continued.)

for bodily injury liability by the financial responsibility laws of the state in which your insured auto is principally garaged, but in an amount less than the applicable damages the insured person is legally entitled to recover."  (Aff. of Matthew D. Sloneker, Ex. B, Ins. Policy at 34.)

[7] "You" or "Your" is defined as "the policy holder named on the declarations page and that policyholder's **resident** spouse."  (*Id.*)

[8] Page numbers of the insurance policies refer to the page number of the PDF docketed on ECF.  All emphases are in the original policies.

The policy states that Allstate "will pay damages for **bodily injury** which an insured person is legally entitled to recover from the owner or operator of an uninsured or underinsured auto." (*Id.* at 25.)[9]

The policy defines "Insured Person" as

1.   **You**[10] and any **resident** relative.

2.   Any person while in, on, getting into or out of an **insured auto** with **your** permission.

3.   Any other person which is legally entitled to recover because of bodily injury to **you**, a **resident**, or an occupant of **your insured auto** with **your** permission.

(*Id.* at 25-26.)  "Resident" is defined as a person with a "physical presence in **your** household with the intention to continue living there.  Your unmarried dependent children while temporarily away from home will be considered **resident**(s), if they intend to continue to live in **your** household." (*Id.* at 12-13.)  The policy does not define the term "relative."

Johnson claims that she is a "resident relative" for the purposes of both policies. Allstate argues that Johnson was not a "resident" of Joseph's household at the time of the accident and is not a "relative" of Shepard.

---

[9] An underinsured auto is "A motor vehicle which has bodily injury liability protection in effect and applicable at the time of the accident in an amount equal to or greater than the minimum limits specified by the No-Fault laws of Minnesota, but in an amount less than the applicable damages the insured person is legally entitled to recover."  (Aff. of Matthew D. Sloneker, Ex. C, Ins. Policy at 25.)

[10] "You" or "Your" is defined as "the policyholder named on the Policy Declarations and that policyholder's **resident** spouse." (*Id.* at 13.)

## ANALYSIS

### I.     STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

"State law governs the interpretation of insurance policies."  *Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc.,* 346 F.3d 1160, 1164 (8th Cir. 2003).   Under Minnesota law, the interpretation of an insurance policy is a question of law for the Court.  *Quade v. Secura Ins.*, 814 N.W.2d 703, 2012 WL 2121235, at *2 (Minn. June 12, 2012).  When an insurance policy's language is unambiguous, a court must interpret that language in accordance with its plain and ordinary meaning.  *See id.*

### II.    ALLSTATE'S MOTION FOR SUMMARY JUDGMENT

#### A.     Joseph's Policy

In order to be an "insured" under Joseph's Allstate policy, Johnson must be a "resident relative" as defined by the policy.   Under Minnesota law, the question of residency for insurance coverage purposes is a question of fact resolved upon a review of

the totality of the circumstances.  *Allstate Prop. & Cas. Ins. Co. v. Myllykangas*, 504 F. Supp. 2d 596, 601 (D. Minn. 2007) (citing Minnesota case law).   "An individual's residency is appropriately resolved on summary judgment when the record, policy language and deposition testimony establish no genuine issues of material fact."  *Id.*  The Court determines residency as of the date of the event triggering the claim for coverage.  *Id.* (citing *State Farm Fire & Cas. Co. v. Short*, 459 N.W.2d 111, 114 (Minn. 1990)).

The Minnesota Supreme Court has defined the word "household" for insurance coverage purposes as "generally synonymous with 'family' and as including those who dwell together as a family under the same roof."  *Damsgard v. Liberty Mut. Ins. Co.*, No. 08-1416, 2009 WL 2424442, at *3 (D. Minn. Aug. 5, 2009) (citing *Van Overbeke v. State Farm Mut. Auto. Ins. Co.*, 227 N.W.2d 807, 810 (Minn. 1975)).   Critically, Johnson was not living under the same roof as Joseph and had not been for several months.  *See also Fireman's Ins. Co. v. Viktora*, 318 N.W.2d 704, 707 (Minn. 1982);[11] *French v. State Farm Mut. Auto. Ins. Co.*, 372 N.W.2d 839 (Minn. Ct. App. 1985) (collecting cases). Nor is Johnson's continued use of Joseph's address for some of her mail dispositive. *Van Overbeke*, 227 N.W.2d at 810 ("The fact that plaintiff at times used his parents' address does not preclude a finding that he resided [elsewhere] at the time of the accident.").

---

[11] In *Viktora* the Minnesota Supreme Court looked at three factors to determine if a person was a member of the named insured's "household": (1) whether the person was living under the same roof as the named insured; (2) whether the person was in a "close, intimate and informal relationship" with the named insured; and (3) if the intended duration was likely to be substantial. 318 N.W.2d at 706-07.

Johnson argues that she was a resident relative because the policy covers "unmarried dependent children while temporarily away from home . . . if they intend to continue to live in [the policyholder's] household."  However, Johnson's testimony does not indicate she was **temporarily** away from Joseph's house – she had left four months earlier.  Nor does it indicate that she intended to live with Joseph again; she stated unequivocally that she planned to live with Shepard until she graduated from high school and did not intend to return to Joseph's house.[12]  (*See* Johnson Dep. 27:10-13; 30:5-7, 31:9-11.)  The Court concludes that Johnson was not a "resident" of Joseph's home at the time of the accident.

## B.    Shepard's Policy

In order to be an "insured" under Shepard's Allstate policy, Johnson must be a "resident relative" as defined by the policy.  The Minnesota courts have held that a **former** foster child is not a relative.  In *Park v. Government Employees Insurance Co.*, the Minnesota Court of Appeals examined whether a foster child past the age of majority was covered under his foster parents' policy.  396 N.W.2d 900 (Minn. Ct. App. 1986).  The appellate court held that the trial court "did not err by ruling that a foster son over the age of 18 was not included in the scope of his foster family's automobile insurance

---

[12] While the subjective intent of a younger child is less likely to be dispositive, the Court emphasizes that Johnson was old enough at the time of the accident to choose where she intended to live.  *See e.g.*, *Ross v. Ross*, 477 N.W.2d 753, 756 (Minn. Ct. App. 1991) ("The predominant importance of the choice of the older child is a well settled part of Minnesota law, even as a consideration in placing a child with a nonparent.").

coverage . . . ." *Id.* at 903.[13]  In *Allstate Insurance Co. v. Tate*, the same court held that a twenty-one-year old former foster child was not a relative for the purposes of auto insurance policies.  389 N.W.2d 512, 514 (Minn. Ct. App. 1986).

Neither party identified a Minnesota case that address whether a **current** foster child is a relative for the purposes of auto insurance policies.  This lack of case law may exist because minor foster children, unlike foster children who have reached the age of eighteen, are covered under their foster parents' insurance policies by virtue of a Minnesota statute.[14]  Other states that have addressed the issue have held that a foster child is **not** a relative for insurance purposes.  *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 584 (La. 2003) ("Simply stated, where the policy definition of 'relative' does not include foster children, the term 'relative' does not include a foster child of the insured."); *Williams v. Nationwide Mut. Ins. Co.*, 33 Va. Cir. 419 (1994)[15]; *Ledford v. State Farm Mut. Auto. Ins. Co.*, 377 S.E.2d 693, 694-95, *aff'd,* 386 S.E.2d 662 (Ga. 1989).  This Court concludes the same.

---

[13] The state court seems to limit their holding.  *See, e.g. id.* at 902 ("Foster children **past the age of majority in situations comparable to that of Michael Park** must be protected by separate insurance contracts.") (emphasis added).

[14] The *Park* court also examined the definition of "insured" in Minnesota Statute § 65B.43, subd. 5.  Section 65B.45 defines "insured" to include "a minor in the custody of a named insured." *Id.*  Thus, if Johnson had been under the age of 18, *see* Minn. Stat. § 260C.007, subd. 23 (defining "minor" as "an individual under 18 years of age"), and a foster child of Shepard, she would have been an insured, as defined by Minnesota statute.

[15] *Overruled by* Va. Stat. 38.2-2206 (1995) (defining "insured" to include foster children of the named insured).

As the *Park* court noted, the "definition of relative ultimately depends on statute, policy language and judicial interpretation." 396 N.W.2d at 901. That court looked to the Minnesota Supreme Court's definition of relative in *Mickelson v. American Family Mutual Insurance Co.*, 329 N.W.2d 814, 816 (Minn. 1983). *Id.* at 901-02. In *Mickelson*, the Minnesota Supreme Court examined the statutory definition of insured set out in Minn. Stat. § 65B.43, subd. 5 and noted that the statute – like Allstate's policy – does not define relative, but it held that "relative" was a term of "common usage" and "means one connected by blood or marriage." 329 N.W.2d 814, 816.[16] Because Johnson was not related to Shepard by blood or marriage, she is not a relative under Minnesota statute or the language of the policy and therefore is not an insured. As the state court noted in *Tate*, this result is unfair: if Johnson was Shepard's child by birth, Shepard's policy would cover her injuries; but current Minnesota law does not provide for Johnson's coverage.[17] 389 N.W. 2d at 514. Because the Court concludes that Johnson cannot be covered under either Joseph or Shepard's insurance policy, it will grant Allstate's motion for summary judgment.

---

[16] The Court notes that the common meanings of relative and family have altered in recent years, *see, e.g.*, Adam Lubow, *" . . . Not Related by Blood, Marriage, or Adoption": A History of the Definition of Family in Zoning Law*, 16 J. Affordable Housing & Community Dev. L. 144 (2007); however, in the absence of more recent case law, the definition of Minn. Stat. § 65B.43, subd. 5 is still limited by *Mickelson*.

[17] The Court is concerned that foster children, still in high school and still receiving benefits, may not be covered by their foster parents' policies if they are over the age of eighteen. As the legislature did in Virginia, the Minnesota legislature could revise its definition of "insured" to explicitly include foster children. *See* Va. Code § 38.2-2206.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 13] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 17, 2012                         ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                 United States District Judge